**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 21-36-DLB-CJS-6**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                              **MEMORANDUM ORDER**

**ANTOINE MARTEZ WILLIAMS**                                                              **DEFENDANT**

*****************

Defendant Antoine Martez Williams has mailed a letter to the Court asking whether he is entitled to retroactive sentencing relief pursuant to recent amendments to Chapter 4 of the sentencing guidelines. (Doc. # 313). Those amendments went into effect on November 1, 2023.

The so-called "status points" amendment, U.S.S.G. § 4A1.1(e), applies to defendants who committed their offense while under any criminal justice sentence. Specifically, such defendants who were otherwise assessed seven or more criminal history points are eligible for a one-point reduction to their criminal history score, while defendants who received less than seven criminal history points are not assessed any status points. The so-called "zero-point offenders" amendment provides that defendants who have zero criminal history points and meet certain other criteria are eligible for a two-level reduction to their offense level. *See* U.S.S.G. § 4C1.1(a). Unfortunately for Defendant, he is not eligible for any relief under either of these amendments.

In reviewing Defendant's Presentence Investigation Report at paragraphs fifty-five and fifty-six, he received seventeen criminal history points, including two for having

1

committed the instant offense while under a criminal justice sentence. However, even applying the new guideline to him, Defendant's total criminal history point calculation would only be reduced from seventeen to sixteen points, which would still place him in criminal history category VI. And because Defendant was assessed more than zero criminal history points, the zero points amendment does not apply to him.

Put simply, Defendant's advisory guideline range is not impacted by the new guideline amendments. For these reasons, Defendant's letter, construed as a motion by the Court (Doc. # 313), must be **DENIED**.

This 11th day of June, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Amendment 821 Orders\Orders denying or granting Amendment 821 relief\Antoine Martez Williams 2-21-36-6 Order Denying DE 313.docx